RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/18/14
ᗡDB

UNITED STATES DISTRICT COURT　　　　b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES VEAL,<br>　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-00566 |
| VERSUS | |
| STEPHEN KUPLESKY, et al.,<br>　　Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

　　Plaintiff James Veal filed a motion for a temporary restraining order or a preliminary injunction in his above-captioned civil rights suit (Doc. 30). In his original complaint, filed on March 15, 2013, Veal alleges that his constitutional rights have been violated by various employees of the Winn Correctional Center ("WCC") in Winnfield, Louisiana, as well as the Corrections Corporation of America ("CCA"), which operates the WCC. Veal is presently confined at WCC.

　　The undersigned issued a Report and Recommendation to deny the motion (Doc. 31). Veal objected to the Report and Recommendation and attached documentary evidence (Doc. 34), and the motion was remanded to the undersigned for further consideration in light of Veal's new evidence (Doc. 35). Defendants then filed an untimely opposition to Veal's objection (Doc. 37), which is treated as a response to the motion for a preliminary injunction. See Fed.R.Civ.P. rule 65.

Apparently, on February 10, 2011, the district judge in this case ordered the prison officials at Winn Correctional Center ("WCC") to send Veal to either a podiatrist or an orthopedist within thirty days (Civil Action No. 10-cv-01013). Veal contends he was sent to LSU, where a regular doctor tried unsuccessfully to work on his feet. Veal is a diabetic and is concerned about possible amputations (Doc. 39, p. 5/19).[1] Veal was seen in the orthopedic clinic at LSU on February 28, 2011, where he was diagnosed with severe hallux valgus (bunions) on the left foot and diabetes mellitus, surgery was recommended to correct the bunions, and he was prescribed diabetic footwear with insoles (Doc. 39, p. 6/19). Veal also shows that he has peripheral neuropathy for which he has been prescribed Neurontin[2] (Doc. 34, p. 18/26; Doc. 39, pp. 13/19, 19/19), which he contends the prison officials at WCC have discontinued because Veal is "hostile," onychomycosis (fungal nail infection), and calluses (Doc. 39, 2/7 & 13/19). Veal also contends he has been denied the prescribed treatment for his dry eyes-lid scrubs and artificial tears. In this motion, Veal asks

---

[1] As a basis for his fear, Veal lists a number of diabetic inmates at WCC who have either passed away or had limbs amputated within the last few years.

[2] Neurontin, or gabapentin, is sometimes used to relieve the pain of diabetic neuropathy (numbness or tingling due to nerve damage in people who have diabetes). MEDLINEplus Health Information: Neurontin, *available at* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a694007.html (a service of the U.S. National Library of Medicine and the National Institutes of Health).

for the eye drops he has been prescribed for his dry eyes and appropriate treatment for his feet (Doc. 30).

Defendants respond by showing, in an affidavit by Dr. Steve Kuplesky, that Veal has been diagnosed with hyperlipidemia, insulin dependent diabetes, high blood pressure, arthritis of the right shoulder, Hepatitis B and C, status post-amputation of his left fifth toe, and numerous non-specific complaints, and that Veal takes fourteen medications plus multi-vitamins, seven of the medications are non-essential but given for his comfort (the non-specific complaints); Dr. Kuplesky states that drug interactions can retard the effectiveness of essential medications (Doc. 37, Ex. 3, p. 1/1). Dr. Kuplesky further states in his affidavit that Veal's Neurontin dose was reduced (but not discontinued) because he displayed Neurontin side effects of anxiety, agitation, and hostility (Doc. 37, Ex. 3, p. 1/1). Defendants also show, through affidavits by WCC Medical Director Daniel Mars and Dr. Kuplesky, that Veal does not comply with diabetic care by ceasing smoking (Doc. 37, Ex. 3, p. 1/1 & Ex. 1, p. 5/6). Defendants show, in the affidavit by Daniel Mars, that Veal refused artificial tears when they were prescribed for him at WCC on April 10, 2014, for left lid swelling (Doc. 37, Ex. 1, p. 4/6).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "(b)(1) Issuing Without Notice. The court may issue a
> temporary restraining order without written or oral

3

>notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required."

Since Veal has not shown that he will suffer immediate, irreparable injury before the defendants can be heard and the case can be fully developed in the normal course of the proceedings, his motion for a TRO should be denied.

In order for Veal to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.  <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

Veal contends that Judge Trimble granted his preliminary injunction for referral to a foot specialist in 2011 in order for him to receive treatment for his feet.  Veal shows he was sent to an orthopedist once and has not gone back for further treatment, but does not allege that he needs to see an orthopedist immediately.

Veal also contends he has been denied prescribed treatment for his dry eyes, lid scrubs and artificial tears.  However, the lid

4

scrubs and artificial tears were prescribed for Veal's blepharitis (Doc. 37, p. 10/88), which is an inflammation of the eyelids that can cause dry eyes. See MEDLINEplus Health Information: Blepharitis, *available at* http://www.nei.nih.gov/health/blepharitis/blepharitis.asp (a service of the U.S. National Library of Medicine and the National Institutes of Health). Veal has not alleged that he continues to suffer from blepharitis, while defendants show he refused the artificial tears prescribed in April 2014.

Veal has failed to meet the requirements for a preliminary injunction set forth above. Veal has not alleged any specific facts that show there is a substantial threat of irreparable injury if his requested injunction is not granted before both sides of this case can be heard on the merits.

Therefore, Veal's motion for a temporary restraining order and/or a preliminary injunction should be denied.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Veal's request for a temporary restraining order and/or preliminary injunction be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of July 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE