UNITED STATES DISTRICT COURT     b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES VEAL | CIVIL ACTION NO. 1:13-CV-00566 |
| VERSUS | JUDGE TRIMBLE |
| STEPHEN KUPLESKY, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.  Background

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff James Veal ("Veal").  Veal alleges that he was denied appropriate medical care for his serious medical needs while incarcerated in the Winn Correctional Center ("WCC") in Winnfield, Louisiana, from 2011 through February 2017.  Veal contends he is a diabetic and has been denied surgery for ingrown toenails, calluses, and bunions; medical care for a torn ligament in his knee; and medical care for his eye problems.  After the other defendants were dismissed from the case on summary judgment (Docs. 9, 10, 90), Veal's case was reinstated, and Veal was permitted to amend his complaint to add Dr. Singleton as a defendant (Docs. 93, 95).[1]  Veal seeks monetary damages (including punitive damages) (Doc. 69).

---

[1] Veal attempted to add Dr. Singleton as a defendant before his case was dismissed (Doc. 69), but his motion was denied, in part due to the erroneous belief that Dr. Singleton was already a defendant (Doc. 71).

Dr. Singleton answered the complaint (Doc. 96) and filed a motion for summary judgment (Doc. 110). Veal filed an opposition to the motion (Doc. 112). Dr. Singleton's motion is now before the Court for disposition.

II. Law and Analysis

A. Standards governing the Motion for Summary Judgment generally.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to

---

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

the non-movant.  See Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. See  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

> B. **Veal has not carried raised a genuine issue of material fact regarding whether Dr. Singleton was deliberately indifferent to his serious medical needs.**

Veal alleges that Dr. Singleton denied him appropriate medical care for his diabetes and diabetes-related medical conditions.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs."  See Estelle v. Gamble, 429 U.S. 97, 102-106 (1976).  A prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities.  Second, a prison official must have a sufficiently culpable state of mind–deliberate indifference to a prisoner's constitutional rights–to be subjected to a § 1983 liability to that prisoner.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In order to show that his medical care violated the Eighth Amendment, an inmate must allege that prison officials were deliberately indifferent to his serious medical needs.  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.  See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (citing Estelle, 429 U.S. at 106).  Subjective

3

recklessness, as used in the criminal law, is the appropriate test for deliberate indifference. See Norton, 122 F.3d at 291 (citing Farmer, 511 U.S. at 838-40).

In his initial complaints, Veal contended that Dr. Kuplesky was no longer employed at WCC and had been replaced by Dr. Singleton, whom Veal saw in July 2013 (Doc. 15). Veal alleged that Dr. Singleton was a doctor at WCC who had examined Veal's feet, knees, and ankles; knew Veal needed to see an orthopedist and a podiatrist; and refused to refer Veal to either, although he told Veal he was trying to find a specialist for him (Doc. 69). Veal alleged that Dr. Singleton wanted to send him to a podiatrist and an orthopedist (Doc. 15). However, Nurse Barbara Spence told Dr. Singleton that Veal could only be sent to LSU Health Sciences Center, and that Veal would always have pain due to his age and diabetes (Doc. 15). Veal has already argued, unsuccessfully, that Nurse Spence prevented Dr. Singleton from sending Veal out for appropriate medical care (Doc. 15). Veal alleges now that Dr. Singleton "chose to allow an under educated Nurse [sic] make a decision … that has caused serious and painful damage to the tissue and muscles in the plaintiff's feet" (Doc. 112).

Veal argues he has not received appropriate treatment, which he contends should include diet planning, frequent tests and examinations, exercise, and insulin injections (Doc. 69). Veal alleges he takes too much insulin because of his poor diet and inability to exercise (Doc. 69). Veal further alleges the WCC medical department charges him but does not take care of him, refusing to cut his nails, bunions, or

calluses (Doc. 69). However, Veal does not allege specifically how Dr. Singleton was involved in any of these problems.

The only specific claim Veal makes against Singleton is that he allowed Nurse Spence to influence him into not sending Veal to an outside specialist. Veal complains he was sent to the LSU Medical Center instead of a specialist. This claim amounts to a disagreement as to the type of treatment Veal received. See Hickman v. Moya, 181 F.3d 97 (5th Cir. 1999) (prison doctor's refusal to send plaintiff to specialist was disagreement over medical care or, at most, negligence). Veal has not shown that Dr. Singleton denied him adequate medical care or was deliberately indifferent to his serous medical needs.

Moreover, since Dr. Singleton began working at WCC, Veal received medical care in the prison infirmary or at the LSU Health Sciences Center, for his diabetes and hypertension, at least once per month almost every month, in addition to medication (Doc. 37). Veal was not denied medical care for his serious medical needs.

Since there are no genuine issues of material fact as to Veal's § 1983 claim against Dr. Singleton, his motion for summary judgment should be granted, and Veal's action against Dr. Singleton should be dismissed.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Dr. Singleton's motion for summary judgment (Doc. 110) be GRANTED and that Veal's action against Dr. Singleton be DENIED AND DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __24th__ day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge